### BAKER v. POPE.

*Excise — civil damage law — Constitutional law.*

The civil damage act (Laws 1873, chap. 646) *held* (1) to be part of the excise law, and binding upon those taking licenses thereunder, and (2) not so far as it affects the one selling intoxicating liquors, in contravention of the constitutional provision forbidding laws impairing the obligation of contracts.

APPEAL by the defendant from an order of the special term, sustaining a demurrer to part of defendant's answer.

The action was brought in Schuyler county, by Helen Baker against James H. Pope, to recover damages under the provisions of chapter 646 of the Laws of 1873, entitled "An Act to Suppress Intemperance and Crime," commonly known as "the civil damage law." The complaint alleged sales by the defendant, a retail liquor dealer, of liquor to plaintiff's husband, who thereby became intoxicated, squandered his earnings, destroyed his and plaintiff's property, injured plaintiff personally and in her means of support, and demanded damages in the sum of $600.

The answer consisted, first, of a general denial, and secondly, set up that at the times of such sales of liquor to plaintiff's husband, the defendant was duly licensed under the State and United States laws to make such sales.

To the second defense the plaintiff interposed a demurrer, which· was sustained, with leave to amend the answer within twenty days, on payment of the costs of the demurrer by the defendant.*

*B. W. & C. M. Woodward,* for appellant.

*W. L. Norton,* for respondent.

---

, *The following opinion was delivered at special term :

MURRAY, J. The demurrer in this action must be sustained ; the matter alleged in the answer as a second defense does not constitute a defense. The matter is proper to be set up in the answer, but it should be in mitigation of damages, not as a defense. This action is brought to recover damages under chapter 646 of the Laws of 1873, which allows in case of a recovery exemplary damages to be awarded against the defendant. With a view to and in mitigation of those damages the defendant is allowed to allege and prove that he had a license and was lawfully selling intoxicating liquors under the authority of such license on the occasion complained of. 8 Alb. Law J. 135–140. But it would not be a defense. I have fully considered all the constitutional questions made, and am satisfied there is no constitutional objection affecting this demurrer. The demurrer, therefore, is sustained, but the defendant should have leave to amend his answer in twenty days on the payment of the costs of the demurrer.

Baker v. Pope.

BOARDMAN, J. The position of the appellant is substantially this: By the excise law, he was permitted to sell to the plaintiff's husband liquors, as charged in the complaint. By the law of 1873, chapter 646, the appellant is made liable for the damages caused by such lawful act; hence, the two laws are in conflict, and the latter is of no force or validity as applied to a lawful sale. If such conclusion be not correct, and damages arising from a lawful sale are contemplated, it is then claimed that the act of 1873 is not constitutional, because it impairs the contract between the excise board and the person taking out a license. For a good consideration the excise board have given to the appellant the right to sell liquors. Any law which deprives the appellant of the fruits of such contract, by making him liable in damages to third persons for the indiscretion or willful misconduct of the buyer of such liquors, whereby such damages are caused, must be unconstitutional and void. Such are understood to be the views of the appellant, and for such reasons he asks that the order of the special term should be reversed.

The law of 1873 must be construed as part of the general excise law, under which licenses are granted. They are to be read as one act. So read, it is plain the legislature intended to impose on every person who took out a license to sell liquor, as well as upon such as should sell without a license, the condition that they should be liable in damages for the injuries done by the purchaser of such liquor, if intoxicated thereby. The seller is bound by the law to exercise judgment and discretion in making his sales, and if he fails in this respect, he becomes liable for consequences. The act was intended to apply to all persons selling liquor, whether with or without a license; for, by the last part of the first section, a special penalty is imposed upon persons who shall unlawfully sell or give away liquor, whereby they forfeit their rights as tenants under any lease of the premises. This provision is undoubtedly inserted for the protection of landlords against a continued liability for an unlawful use of their premises. But, in connection with the other parts of the section, it shows conclusively an intent to make liquor-sellers, without distinction, liable for the damages specified in the act.

Such being the purpose of the act, is there any irreconcilable inconsistency in its provisions? I think not. It is no more inconsistent than various parts of the excise law forbidding sales to minors, or on Sundays, etc., under certain penalties therein named.

Baker v. Pope.

It does not forbid the sale, but attaches a liability by reason of certain consequences of the sale. It imposes upon the seller the duty of guarding his conduct so as to produce no mischievous results. He must not use his license to aid the poor in squandering the means necessary for the aid and support of families or the education of children. If his abuse of his license leads to such results, the law makes him liable for such damages as ensue.

Upon such a construction, no constitutional objection arises. As the right of the legislature to restrain the sales of liquors is unquestionable, the person taking a license is subject to all existing laws, and to such as may thereafter be passed. The right given is personal, and may be wholly taken away, or it may be restricted or burdened with conditions or penalties to any extent the law-making power may deem proper. It is not a contract depriving the legislature of the right to act.

Whether the license may be given in evidence by way of mitigation of damages is not clear. If it can be, I think the weight of authority would allow such evidence under the general denial in the answer. Van Santvoord's Pl. (Moak's ed.) 550, 586,587, 566, 567, and cases cited. It is not, however, necessary to decide that point now. The facts set up in the second part of the answer are alleged as a defense. We have seen they do not constitute a defense. If they are to be used by way of mitigation, the defendant must decide whether an amendment of the answer be necessary for that purpose, and if so, avail himself of the leave given.

Upon the whole case we think the order of the court below, sustaining the demurrer, was correct and should be affirmed, with $10 costs of this appeal, with leave to defendant to amend his answer, if he shall be so advised, within twenty days, upon payment of costs of demurrer and of this appeal.

*Order affirmed.*

NOTE.—In *Schneider* v. *Hosier*, 21 Ohio St. 98, under a law similar to the one in question, the supreme court of Ohio held that the wife has an interest in her husband's capacity to perform labor as a means of support, and she may prosecute an action for damages resulting to her from the deprivation of such means of support in consequence of the intoxication of her husband against any person who caused such intoxication by selling to him intoxicating liquors, in violation of such statute. In this case the action was brought by the widow of the person to whom defendant sold liquors. The plaintiff, at the trial, disclaimed any damage resulting to her from the death of her husband, and also for any injury to her person and property, and relied solely upon the claim that she had been injured in her means of support. A verdict of $200 was sustained.

The court also held that in actions under the act where the plaintiff shows a right to

recover actual damages, the jury may assess exemplary damages without proof of malice or other special circumstances of aggravation.

In *Freese* v. *Tripp* (Chicago Leg. News, Aug. 1, 1874), the supreme court of Illinois, under a statute of that State of the same character as the one in question, held (1) that this statute is in derogation of the common law, and should be strictly construed; (2) that in an action under this statute, the anguish or pain of mind the wife suffered by reason of the intoxication of her husband is not a matter for the consideration of the jury; the statute contemplating injury in person or property, or means of support, and not mental anguish; (3) that a party must prove actual damages before exemplary damages can be awarded; and (4) that it is competent for a defendant to show that he in good faith has forbidden his bar-keeper to sell or give liquors to the drunkard, and that the bar-keeper willfully disobeyed him, without defendant's connivance, in mitigation, not of the actual damage which may have been caused and done, but of the vindictive damages claimed.

To the same effect as the above cases are *State* v. *Ludington*, 33 Wis. 107; *State* v. *Fisher*, id. 154; and *Wightman* v. *Devere*, id. 570.—REP.